UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RASHAAD D. GUERRERO,

                Plaintiff,

-against-                                 13-CV-4288 (SHS)(RLE)

SEIU LOCAL 32BJ

and

FJC SECURITY SERIVCES, INC.,

                Defendants.

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF LOCAL 32BJ'S MOTION TO DISMISS

Defendant SEIU Local 32BJ ("Local 32BJ" or the "Union") respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Since Plaintiff Rashaad D. Guerrero's ("Guerrero") cause of action against the Union is a claim for the breach of the duty of fair representation, his Complaint should be dismissed with prejudice because 1) it is time barred and 2) it is duplicative litigation. For reasons articulated below, Local 32BJ also respectfully requests that the Court impose procedural restrictions on Plaintiff's ability to file future lawsuits against Local 32BJ.

This action marks the third meritless suit that Plaintiff had filed based on the facts surrounding his March 21, 2012 arbitration hearing. It is the second action that Plaintiff has submitted in the New York State Supreme Court for New York County against the Union based on facts surrounding his hearing and, consequently, the second action that the Union has removed to

this Court. The Complaint raises the exact same facts and issues as Plaintiff's Complaint in Case No. 1:13-cv-1204(SHS)(RLE) ("Case II") and substantially similar facts and issues as Plaintiff's Complaint in Case No. 1:12-cv-05763(SHS)(RLE) ("Case I"). These cases are pending before Magistrate Judge Ronald L. Ellis (Case I, Docket # 38, Case II, Docket # 11).[1]

Plaintiff attempts to disguise the identical nature of these actions by styling this action as a tort for the breach of a written contract, whereas in Case I he alleged that the Union engaged in a breach of the duty of fair representation and in Case II he alleged a malpractice claim. However, Plaintiff may not avoid federal jurisdiction by merely changing the wording of his Complaint. *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986) ("A plaintiff may not defeat removal by clothing a federal claim in state garb."). As before, the claim remains, and must be treated as, a breach of the duty of fair representation ("DFR") claim.

## PROCEDURAL BACKGROUND

**A. Case I: Plaintiff's Meritless Hybrid Sec. 301/DFR Action Against the Union and FJC**

On July 25, 2012, Guerrero filed a Complaint in Case I alleging that his former employer, FJC Security Services ("FJC" or the "Employer"), discharged him in violation of the collective bargaining agreement ("CBA") and that the Union violated the DFR by mishandling his arbitration. Guerrero's allegations are discussed in detail in the Union's Memorandum of Law in Support of its Motion to Dismiss (Docket # 25) and Reply Memorandum of Law in Support of Motion to Dismiss (Docket # 28). Guerrero filed his First Amended Complaint ("FAC") in the action on October 1, 2012 (Docket # 12). The gravamen of the DFR claim was that the union represented him in a perfunctory manner by failing to subpoena a witness, Roshel Graham,

---

[1] Plaintiff himself moved to dismiss Cases I & II by Notice of Motion on June 13, 2013. Judge Sidney H. Stein dismissed each case, with prejudice, but then vacated that order on July 2, 2013, citing that such a dismissal would prejudice the defendants. Meanwhile, on June 14, 2013, Plaintiff filed the current action in the New York State Supreme Court of New York County.

whose testimony, Guerrero claims, would have been favorable to him at the arbitration. Guerrero also alleged in the "Statement of Claim" in the FAC that the "Arbitration Award was biased and corrupt. There were (sic) no investigation of my case that was in good faith." On October 9, FJC filed a motion to dismiss and to confirm the arbitrator's award. Rather than answering FJC's motion, Guerrero requested leave to file a Second Amended Complaint ("SAC") (Docket # 20). The SAC alleged that the union refused evidence and witnesses that would be favorable to Guerrero and did not investigate his case, and that the "Arbitration Award was biased and corrupt." Plaintiff's Affirmation In Support of Motion (Docket # 27) stated that "Arbitrator and Defendants (reps) violated the CBA and Employment arbitration rules & mediation procedures. Non-compliance with employment arbitration rules and mediation procedures. Arbitration and Representatives of defendants did no discovery.[2]"

The Union filed a motion to dismiss the FAC on November 6, 2012 and requested denial of leave to file the SAC or, in the alternative, a grant of leave to file the SAC and to dismiss the complaint as amended. (Docket # 23). Rather than answering the Union's motion, Guerrero moved for leave to file a Third Amended Complaint ("TAC") on February 4, 2013. (Docket # 35). The TAC dropped the Union as a defendant, noting that Plaintiff "ha[d] Seiu, Local 32BJ in the state supreme court" and pursued an action against FJC for breach of the CBA only.

**B.    Case II: Guerrero's Meritless Malpractice Action Against the Union in State Court**

Guerrero filed an action in state court (Case II) on February 4, 2013 and served it upon the Union on February 8, 2013. Guerrero's claims against the Union continued to allege that the Union had failed to properly represent him in his termination arbitration. His complaint

---

[2] It is not clear whether the handwritten document says "did no discovery" or "did do discovery," but the former is the only sensible reading and is consistent with the FAC's complaint that no good faith investigation of his case occurred.

3

concerned the arbitration and specifically referenced the CBA (¶¶ 9, 10 & 20) (Docket # 1). It also stated that his arbitration award was "procured by improper means in violation of N.Y.C.P.L.R. 7506(a)" and that the Union and FJC "engaged in corruption, fraud and misconduct," and "violated the American Arbitration Association Employment Arbitration Rules and Mediation Procedures and Laws of Civil Procedure."

Additionally, in the "Notice of Motion," Guerrero alleged that the Union "performed in a perfunctory manner" and "violated arbitration procedures." (Docket # 1). Guerrero alleged in his "Affidavit in Support" that the "union performed in a perfunctory manor (sic) and did not represent me fairly. (Docket # 1). The union violated arbitration procedures intentionally." All the materials appended to the Case II Complaint had been attached to at least one iteration of Guerrero's complaint in Case I, to wit:

1. The dismissal of Guerrero's state court action against FJC and New York City, *Guerrero v. NYC Human Resources Administration*, Index. No. 402238/11, appeared in the SAC.

2. The four pages which begin "Use of Force Defense of Justification" appeared in the FAC.

3. The Notice of Decision from the Unemployment Insurance Appeal Board was attached to the FAC.

4. The Incident Report (marked "A" and the following material marked B-I were attached to iterations of the federal complaint. The material marked C, E, G, F and I were attached to the FAC. The material marked "B" and "H" were attached to the original federal complaint, as was the material marked "D" in the State Law Complaint (the page was not marked "D" in the original federal complaint). The material marked A, C, D, E, H and I was also attached to the TAC.

5. The Guerrero Affidavit in *Guerrero v. NYC Human Resources Administration* was attached to the SAC.

6. The Kyle Jiggetts Affidavit was attached to the SAC.

While the Complaint did not attach the Arbitrator's Order and Award from Guerrero's termination arbitration, the award was clearly relied on to draft the Complaint.

In short, the Complaint made the same allegations against the union based on the same attached materials as the federal complaint against the Union for a breach of DFR. The state action differed only in two respects: 1) it was styled as a "malpractice" complaint, and 2) Guerrero made the implausible, brand new allegation that union attorney Raul Garcia told Guerrero that "the union made sure that [his] witnesses did not appear at the arbitration hearing on purpose, because they did not want [him] to work anymore." (Docket # 1).

On February 22, 2013, the Union filed a Notice of Removal and removed the case to federal court. (Docket # 1). The case was referred to, and accepted as related to Case I by, Judge Stein. (Docket # 3). On March 12, 2013, the Union submitted a Motion to Dismiss (Docket # 5).

Before the Court ruled on the Union's Motion to Dismiss in either Case I or Case II, or on whether Guerrero could amend his complaint in Case I a second and third time, Guerrero moved to dismiss both cases, on June 13, 2013 (Docket # 9). On June 21, 2013, Judge Stein dismissed Case I against the Union and FJC and Case II against the Union, each with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Docket # 37, Docket # 10). However, the Court reconsidered its June 21st order and on July 2, 2013 reinstated the actions, denying Plaintiff's motion to voluntarily dismiss them, and citing that dismissal would prejudice defendants (Docket # 38, Docket # 11).

C.   **The Current "Tort for Breach of a Written Contract" Action**

Guerrero filed the instant action against Local 32BJ and FJC in the New York State Supreme Court of New York County on June 14, 2013 and served it upon the Union on June 17, 2013. The Union removed the action on June 18, 2013. The sole difference between this Complaint and the complaint in Case II, aside from including Defendant FJC as a named

5

Defendant, is that it replaces Plaintiff's citations to "Malpractice N.Y.C.P.L.R. 214(6)" with citations to "(Tort) Breach of a Written Contract." (*See*, Complaint ¶¶ 3, 20, pp. 10-13).

Additionally, Guerrero has included a Notice of Motion requesting a grant of Summary Judgment and alleges in his "Affidavit in Support" that the FJC and Local 32BJ "violated applicable rules of arbitration" and that he is "suing parties for fraud and misconduct." Though not attributed to actions on the part of Local 32BJ or FJC, he also lists that he has been "subjected to an intentional tort. –Intentional infliction of emotional distress. Negligent – Tort. Quasi-Tort. Breach of contract – Tort. Personal – Tort. Concurrent – Tort. Dignitary Tort Defamation. Joint – Tort Feasors." The only materials appended to Guerrero's Complaint are the Case II Complaint, as well as some attachments to the Case II Complaint.

## ALLEGATIONS OF FACTS

The following facts are allegations made by Plaintiff in his complaints and submissions in his first, second and third cases described above. The Union repeats Plaintiff's allegations to illustrate that Plaintiff's claims in this action are duplicative of his claims in Case I and Case II. The Union accepts these facts as true for the purposes of this motion only.

The facts alleged in Case II and the current action are identical. The facts alleged in the Case I are substantially similar except that they present a more comprehensive record by including the Arbitrator's April 20, 2012 Opinion and Award and a March 29, 2012 affidavit by Guerrero to Region 2 of the National Labor Relations Board ("NLRB Affidavit").[3]

Plaintiff was employed by FJC as a security guard at the Melrose Job Center, a New York City Human Resources Administration ("HRA") facility in the Bronx. (Garren Decl., Exhibit A, p. 2.) FJC terminated Guerrero on July 11, 2011. (Garren Decl., Exhibit B, p. 3.)

---

[3] A true and correct copy of the Arbitration Opinion and Award is attached as **Exhibit A** to the Declaration of Brent Garren ("Garren Decl."), submitted herewith. **Exhibit B** to Garren Decl. is a true and correct copy of the NLRB Affidavit.

6

Local 32BJ, Guerrero's collective bargaining representative, filed a grievance on his behalf, and submitted the dispute to arbitration. Guerrero met with Union attorney Raul Garcia to prepare for the arbitration on March 15, 2012. At the meeting, Guerrero explained that he wanted Security Guard Roshel Graham and Woofa Amoako, Guerrero's supervisor, to testify at the hearing. (*Id.* p. 5.)

At the March 21, 2012 arbitration hearing, the stipulated issue before the arbitrator was whether Plaintiff had been discharged for "just cause." (Garren Decl., Exhibit A, p. 3.) The Employer presented Stephanie Gomez, Woofa Amoako and Laurie Malloy from its Human Resources department, as witnesses. (*Id.*, p. 1). The Union presented Guerrero. (*Id.*). Graham did not appear at the hearing. The Arbitrator upheld the discharge. Guerrero received notice of the Arbitration on April 24, 2013. (Garren Decl., Exhibit A, p. 6).

## ARGUMENT

Guerrero's Complaint against the Union must be recast as a DFR complaint. As such, it should be dismissed as time-barred and as barred by his pending actions.

As the U.S. Supreme Court explained in *Vaca v. Sipes*, 386 U.S. 171, 177 (1967), once a union becomes the exclusive bargaining representative of a unit of employees, it owes a duty to fairly represent all of the unit employees "both in its collective bargaining with" their employer "and in its enforcement of the resulting collective bargaining agreement." *See also Air Line Pilots Ass'n Int'l v. O'Neil*, 499 U.S. 65, 67 (1991) (The DFR applies to all of a union's activity in its representative capacity, including contract negotiations). The DFR requires that the union "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*,

7

386 U.S. at 177. The duty is breached when the union's "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190.

The DFR derives from a union's status as the employees' statutory representative under Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) (the "NLRA") and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Vaca v. Sipes*, 386 U.S. at 177; *United Steelworkers of America v. Rawson*, 495 U.S. 362, 375-76 (1990) (the DFR arises from the union's status as exclusive bargaining representative).

Congress may so completely preempt an area of law that any claim coming within the scope of a federal cause of action necessarily arises under federal law even if state law would provide a cause of action in the absence of federal law. A complaint that is completely preempted is "necessarily federal in character." *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 88 (2d Cir. 2010). The Supreme Court has held that Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, has this effect when a suit is based on a violation of a labor contract. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983); *Domnister*, 607 F.3d at 89.

District court judges in this Circuit have likewise applied the complete preemption doctrine to find federal jurisdiction where, as here, a plaintiff has filed a nominal state law claim against his exclusive bargaining representative. *See Zuckerman v. Volume Services Am. Inc.*, 304 F.Supp.2d 365, 373 (E.D.N.Y. 2004); *Cahoon v. Int'l Bhd. of Electrical Workers, Local 261*, 175 F.Supp.2d 220, 225-26 (D.Conn. 2001); *Hess v. B&B Plastics Div. of Metal Cladding Inc.*, 862 F.Supp. 31, 34 (W.D.N.Y. 1994). Claims under New York C.P.L.R. §7506 are no exception. *See Jeltsch v. United Parcel Service, Inc.*, 1988 U.S. Dist. LEXIS 69, *13 (S.D.N.Y. Jan. 8, 1988) (plaintiff's claim against Union for violation of §7506(d) preempted by DFR).

Therefore, Guerrero's claims against the Union remain claims for the breach of the DFR and fail as (1) time-barred by the DFR six month statute of limitations and (2) prevented by the doctrine against claim splitting.

### A. Guerrero's Complaint Must Be Dismissed As Time Barred.

In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 155 (1983), the Supreme Court decided that the applicable statute of limitations for so-called hybrid claims that a union has breached its duty of fair representation and an employer has violated the applicable collective bargaining agreement is the six month statute of limitations set forth in Section 10(b) of the NLRA, 29 U.S.C. § 160(b).

Guerrero knew by the time of the arbitration, March 21, 2012 that the Union had not subpoenaed Roshell Graham. The Arbitrator's decision upholding Guerrero's discharge is dated April 20, 2012. (Garren Decl., Exhibit A.) Guerrero received the award on April 24, 2012 (Garren Decl., Exhibit B, p. 6). The cause of action accrued when Guerrero received the Arbitrator's Award. *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160 (2d Cir. 1989). Yet the instant Complaint was served on June 17, 2013, well past the six month statute of limitations. Accordingly, the Complaint must be dismissed.

### B. Guerrero's Claim Against Local 32BJ Should Be Dismissed for Claim Splitting.

The doctrine against "claim splitting" prevents a plaintiff from litigating the same causes of action in two separate cases. "Of course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank,* 226 F.3d 133, 138-39 (2d Cir. 2000). The *Curtis* Court stated that staying the second suit, dismissing without prejudice or consolidating the actions were common solutions to "claim splitting."

9

However, these options were "[b]ecause of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending . . ."

In the instant case, there is no doubt that this Complaint is exactly identical to the complaints in Case I and Case II. Guerrero raises the same claims in this action. The complete preemptive effect of § 301 requires that Guerrero's state law claim is nothing more than a hybrid claim that the Employer violated the CBA, by discharging him and that the Union violated the DFR.

Therefore, Guerrero's actions against Local 32BJ for a breach of the duty of fair representation (Case I & II) and FJC for breach of the CBA (Case I) prevent Plaintiff from litigating the same causes of action in this suit.

### C. The Court should Impose Procedural Restrictions to Prevent Future Vexatious Litigation by Plaintiff.

This action is yet one more in a series of vexatious lawsuits filed by Plaintiff. Rather than respond to Local 32BJ's and FJC's numerous briefs in support of motions to dismiss, Plaintiff has resorted to amending complaints, dismissing parties only to file actions against them in state court, and artful pleading. Such gamesmanship wastes the Court's time and sidetracks litigation.

Furthermore, Plaintiff's history of litigation against the Union extends back to August 2009, when he first sued Local 32BJ and FJC for a 2008 termination in *Guerrero v. FJC Security Services*, 09-Civ.-07216(SHS)(RLE), alleging violations of the Employment Retirement Income Security Act. There, Judge Stein adopted Magistrate Judge Ellis's Report and Recommendation that Plaintiff's case be dismissed against all parties for failure to state a claim. Guerrero again sued Local 32BJ and FJC in October 2009 under the Labor Management Reporting and Disclosure Act and the NLRA regarding his 2008 termination, *Guerrero v. Local 32BJ SEIU*,

10

09-Civ.-8470(SHS)(RLE). Once again, Judge Stein adopted Magistrate Judge Ellis's Report and Recommendation to grant Defendants' motions to dismiss. Plaintiff has also unsuccessfully sued FJC and New York City for his 2008 termination in both New York State Court, *Guerrero v. New York City Human Resources Administration*, 402238/11, and federal court, *Guerrero v. FJC Security Servs., Inc.*, 2012 U.S. Dist. LEXIS 79553 (S.D.N.Y June 5, 2012). Plaintiff's penchant for filing multiple actions over frivolous issues is also demonstrated by his NLRB charges and appeal, Case No. 02-CB-081553 (against Local 32BJ) (May 2012) and Case No. 02-CA-067472 (against FJC) (October 2011) concerning his 2011 discharge, which were dismissed. Without action by the Court, Plaintiff will no doubt continue to file additional baseless complaints. Therefore, for the reasons below, the Court should implement restrictive measures to prevent future vexatious litigation by Plaintiff.

  As the U. S. Supreme Court has observed, "pro se litigants have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not often subject to financial considerations that deter other litigants from filing frivolous petitions." *In re Sindram*, 498 U.S. 177, 180 (1991). "The Supreme Court and numerous courts of appeals have recognized that courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 230 (2d Cir. 1993).

  To prevent vexatious litigation by pro se plaintiffs, courts impose procedural remedies such as prohibiting plaintiffs from obtaining *in forma pauperis* status, completely foreclosing filing of designated categories of cases, or alternatively, requiring the plaintiff to obtain leave of court before filing future lawsuits. *In re Martin-Trigona*, 9 F.3d at 228-29 (discussing cases). Further, the Court may require a *pro se* plaintiff initiating a lawsuit to file a bond sufficient to

cover an award of litigation expenses against it. *See* Southern District of New York Local Rule 54.2 ("The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount as so conditioned as it may designate.")

Given Plaintiff's habitual misuse of the litigation process, the Court should require him to file the following prior to bringing a future lawsuit against Local 32BJ in either state or federal court: (1) a petition requesting permission to file a pro se action; (2) a copy of the Court's ruling in this case; (3) a copy of the complaint he seeks to file; and (4) a bond in an amount sufficient to cover Local 32BJ's expenses in filing a motion to dismiss the lawsuit.

## CONCLUSION

Defendant SEIU Local 32BJ respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice.

Guerrero continues to try to evade governing federal law by restyling his complaint that the Union did not represent him fairly as a tort for the breach of a written contract. But, as with Guerrero's earlier state law complaint, the DFR is already pending in court. Not only is Guerrero's Complaint against Local 32BJ time-barred, but it is barred by the doctrine against claim splitting.

Dated: New York, New York
July 10, 2013

        Respectfully submitted:

        Office of the General Counsel
        Local 32BJ, SEIU

        By: /s/ Brent Garren
            Brent Garren (BG 5585)

        Deputy General Counsel
        Local 32BJ, SEIU
        25 West 18th Street
        New York, NY  10011
        212-388-3943 (telephone)
        212-388-2062 (facsimile)
        bgarren@seiu32bj.org

        Attorneys for Defendant Local 32BJ, SEIU