UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-5-14

---

RASHAAD DONNELL GUERRERO,

       Plaintiff,

- against -

FJC SECURITY SERVICES, INC. &
LOCAL 32BJ SEIU,

       Defendants.

---

REPORT AND
RECOMMENDATION

13 Civ. 4288 (SHS) (RLE)

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

## I. INTRODUCTION

On June 20, 2013, a Complaint filed by *pro se* Plaintiff Rashaad Donnell Guerrero ("Guerrero") in New York Supreme Court was removed to this Court. (Doc. No. 1.) In his Complaint, Guerrero alleged that Defendants FJC Security Services ("FJC") and Local 32BJ SEIU (the "Union") committed the tort of breach of a written contract. (*See id.*) On July 8, 2013, the Honorable Sidney H. Stein referred this case to the undersigned. (Doc. No. 3.) On July 10, 2013, the Union moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and asked that the Court impose procedural restriction's on Guerrero's "ability to file future lawsuits against" it. (Mem. of Law in Support of Local 32BJ's Mot. to Dismiss ("Def.'s Mem.") at 1.) Guerrero did not oppose the motion. For the reasons set forth below, I recommend that the Union's motion to dismiss be **GRANTED** and that the Court impose certain procedural limitations on Guerrero's ability to file suits against the Union in this Court.

## II. BACKGROUND

This is the third action that Guerrero has commenced against the above-named Defendants based on his March 21, 2012 arbitration hearing. His first suit, filed in July 2012, alleged that FJC wrongfully terminated him in June 2011 and that the Union failed to adequately represent him during the arbitration ("2012 Case"). *See Guerrero v. FJC Security Servs., Inc. & Local 32BJ SEIU*, 12 Civ. 5763 (SHS) (RLE). In February 2013, he filed a complaint alleging malpractice against the Union ("February 2013 Case"). *Guerrero v. FJC Security Servs., Inc. & Local 32BJ SEIU*, 13 Civ. 1204 (SHS) (RLE). On August 19, 2013, this Court issued a Report and Recommendation ("2013 R&R") in which it recommended that the 2012 Case and the February 2013 Case be dismissed. Before this Court had issued its 2013 R&R, Guerrero filed the present lawsuit.

The Complaint filed in the instant case is virtually identical to his February 2013 Complaint. The first difference is that in his February 2013 Case, Guerrero alleged that his arbitration award "was procured by improper means in violation of N.Y.C.P.L.R. 7506(a) formal oath. Malpractice N.Y.C.P.L.R. 214(6)." In this case, he alleges that the award "was procured by improper means in violation of N.Y.C.P.L.R. 7506(a) formal oath. (TORT) BREACH OF A WRITTEN CONTRACT." Additionally, Guerrero has included a Notice of Motion requesting summary judgment and alleges that FJC and the Union "violated applicable rules of arbitration and that he is "suing parties for fraud and misconduct." Finally, he claims he "was subjected to" the following torts: "Intentional infliction of emotional distress. Negligent – Tort. Quasi – Tort. Breach of contract – Tort. Personal – Tort. Concurrent – Tort. Dignitary – Tort Defamation. Joint – Tort Feasors." To his Complaint, he has appended the Complaints from the 2012 Case and the February 2013 Case.

Defendants now ask that the Court: (1) dismiss the action, pursuant to Rule 12(b)(6), as time barred, or, in the alternative, for claim splitting (Def.'s Mot. at 9); and (2) "require Guerrero to file the following prior to bringing a future lawsuit" against the Union in either state or federal court: (a) a petition requesting permission to file a *pro se* action; (b) a copy of the Court's ruling in this case; (c) a copy of the complaint he seeks to file; and (d) a bond in an amount sufficient to cover the Union's expenses in filing a motion to dismiss the lawsuit. (Def.'s Mot. at 12.)

### III. DISCUSSION

#### A. Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert a motion to dismiss for failure to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557.)

Under *Twombly*, the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007); *see Elektra Entm't Group, Inc. v. Santangelo*, No. 06 Civ. 11520 (SCR)(MDF), 2008 WL 4452393, at *2 (S.D.N.Y. 2008). A claim is plausible when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Only a complaint that states a plausible claim for relief survives a motion. *Id.*

Given Guerrero's status as a *pro se* plaintiff, the court must "take care to construe [his] papers liberally," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and interpret the complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

### B. Guerrero's Complaint Alleging (Tort) Breach of a Written Contract is Barred by the Statute of Limitations and is Duplicative of his 2012 and February 2013 Claims.

There is a six month statute of limitations for hybrid claims arising under Section 301 of the LMRA. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 155 (1983); 29 U.S.C. §160(b). The statute of limitations begins once the cause of action has accrued, namely, when the plaintiff could have first successfully maintained a suit based on that cause of action. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 163 (2d Cir. 1989).

Here, Guerrero received the arbitrator's award on April 24, 2012. His Complaint was served on the Union on June 17, 2013. As more than six months had elapsed when Guerrero received the April 24 arbitration decision, his Complaint is barred by the six month statute of limitations.

Even if Guerrero's Complaint were not barred by the statute of limitations, the claims raised therein are duplicative of the claims raised against the Union and FJC in his February 2013 Case. "A district court may stay or dismiss a suit that is duplicative of another federal suit." *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). The court has discretion when considering duplicative claims to "stay the second suit, dismiss it without prejudice, enjoin the

4

parties from proceeding with it, or consolidate the two actions." *Id.* at 138-39.

The allegations made and the evidence submitted in the Complaint are nearly identical to Guerrero's claims against the Union and FJC in the February 2013 Complaint. No new facts to support the alleged tort claims are provided, and no new exhibits are attached. As Guerrero's Complaint is untimely, and is otherwise duplicative of his February 2013 action against the Union and FJC, the Court recommends that Guerrero's Complaint be **DISMISSED**.

### C. The Court Recommends that Certain Procedural Restrictions be Imposed upon Guerrero to Deter Frivolous Litigation.

The Supreme Court and the Second Circuit have imposed procedural restrictions on their normal litigation procedures "in response to vexatious litigants." *See, e.g., In re Sassower*, 510 U.S. 4 (1993) (prohibiting *pro se* plaintiff from obtaining *in forma pauperis* status). Given the number of frivolous lawsuits that Guerrero has filed in this Court, procedural restrictions are appropriate here. I therefore recommend that, prior to bringing a future lawsuit against the Union in either state or federal court, Guerrero be required to file: (1) a petition requesting leave to file a pro se action; (2) a copy of the Court's ruling in this case; and (3) a copy of the Complaint he seeks to file. The Court has considered Defendant's recommendation that Guerrero also be required to post a bond in an amount sufficient to cover the Union's legal fees in conjunction with filing a motion to dismiss, and declines to recommend that restriction.

### IV. CONCLUSION

In conclusion, I recommend that the Union's motion to dismiss the Complaint be **GRANTED**, that the case be **DISMISSED with prejudice**, and that certain **procedural restrictions be imposed** upon Guerrero to deter him from filing frivolous lawsuits.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen

(14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of appeals. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: February 5, 2014**
**New York, New York**

                                                **Respectfully Submitted,**

                                                *[signature]*

                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**